IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Clyde Millner, ) | Case No.: 8:24-cv-4025-JD-WSB |
| Petitioner, ) | |
| vs. ) | **ORDER AND OPINION** |
| Warden of Bennettsville Federal ) Correctional Institution, ) | |
| Respondent. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 38), made under Local Civil Rule 73.02(B)(2) of the District of South Carolina, concerning a motion for summary judgment.[1] (DE 27.)

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

At the time the Petition was filed, Petitioner Clyde Millner ("Petitioner" or "Millner") was an inmate in the custody of the Federal Bureau of Prisons ("BOP") and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

was confined at the Bennettsville Federal Correctional Institution ("Bennettsville").[2] (DE 1-3 at 1.) Petitioner filed this action on July 19, 2024, challenging the calculation of his sentence under the First Step Act ("FSA"). (DE 1; 1-3.)

Respondent Warden of Bennettsville Federal Correctional Institution ("Respondent" or "Warden") moved to dismiss the Petition or for summary judgment (DE 27), seeking to dismiss Petitioner's Section 2254 petition for habeas corpus. Respondent argues Petitioner failed to exhaust his administrative remedies and Petitioner's time credits under the FSA have been applied. (*Id.*) Because Petitioner is proceeding *pro se*, the Court issued an Order under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal and summary judgment procedures and the possible consequences if he does not respond adequately to Respondent's motion by October 28, 2024. (DE 29.) Petitioner was also advised that if he failed to respond adequately, Respondent's Motion may be granted, thereby ending this case. (*Id.*) Petitioner did not respond.

By Order dated November 7, 2024, Petitioner was notified that this action was subject to dismissal with prejudice for failure to prosecute. (DE 35.) In that Order, Petitioner was directed to file a response to Respondent's Motion by November 22, 2024. (*Id.*) The Order was mailed to Petitioner at the address he provided to the Court. (DE 36.) Neither the *Roseboro* Order nor the November 7 Order were returned

---

[2] According to the BOP's Inmate Locator, Petitioner is no longer in BOP custody as of November 22, 2024. *See* https://www.bop.gov/inmateloc/ (search by Petitioner's first and last name) (last visited Apr. 7, 2025).

to the Court as undeliverable. Petitioner did not respond to the Court's orders and has not filed a response to Respondent's Motion.

It also appears that Petitioner was released from custody on November 22, 2024, and is no longer incarcerated at Bennettsville. Petitioner, however, has not provided the Court with an updated address, despite being instructed to do so by the Court:

> You are ordered to always keep the Clerk of Court advised **in writing (250 East North Street, Suite 2300, Greenville, South Carolina 29601)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

(DE 5 at 2; DE 10 at 2-2) (emphasis in original.)

### B. Report and Recommendation

On December 4, 2024, the Magistrate Judge issued the Report recommending that the Petition be dismissed under Rule 41(b) for failure to prosecute. (DE 38.) Petitioner has not objected to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there

3

is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Petitioner has not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 38) and incorporates it here by reference.

It is, therefore, **ORDERED** that Millner's Petition is dismissed with prejudice. It is also **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 7, 2025

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4